# CIRCUIT COURT OF ORANGE COUNTY

Orange County

v.

Alexander McCoy Waugh et al.

Case No. CL08-000307

Orange County

v.

Bertha L. Sloan

Case No. CL09-000009

Orange County

v.

Bertha L. Sloan,
Ira Stubblefield,
and Benjamin Stubblefield, Jr.

Case No. CL09-000014

December 2, 2013

By Judge Daniel R. Bouton

The court has given further consideration to the arguments that have been made in connection with the above referenced matter. All of the files for the three cases that are before the court have also been reviewed. Finally, the court has again read in its entirety the commissioner's report and has

studied the exhibits that were made a part of the record of the proceedings. I set forth below the court's rulings on the exceptions filed by Orange County.

## Exception No. 1

The court overrules the exception. The commissioner did not make any rulings based on his views regarding the policy of the statute. His factual findings were not premised on his thoughts about the purpose of the statute. Therefore, any comments by him on this subject would be irrelevant to any issue before the court.

## Exception No. 2

The court overrules the exception. First, the written exception fails to identify the "affidavits and testimony" that were erroneously admitted by the commissioner. This information is necessary in order for the court to determine whether any statement was improperly considered. In particular, the statement itself, when it was made, the form in which it was made, and the specific way in which it purportedly violates the rule of evidence cited by Mr. Carter should have been identified.

Second, even if any such evidence was erroneously omitted, there is no reference to it in any of the commissioner's findings. In this regard, the commissioner appropriately relied on the testimony that was given by various witnesses, the facts and circumstances that were judicially established in prior proceedings, and the evidence contained in many of the documents that all parties agree were properly admitted as part of the record. All of this evidence was cited by the commissioner in support of his findings. Thus, even if the commissioner erroneously admitted evidence in violation of the rule, the remaining evidence in the record is sufficient to support his findings. Moreover, as stressed by Mr. Ayers, much of the evidence that the commissioner relied on to support his findings came directly from or was corroborated by the county's main witness, Barbara Vines Little.

In overruling this exception, it should be noted that the court reviewed the evidence based on the standard that applies to findings made by a commissioner in chancery. Here, § 8.01-610 of the Code of Virginia provides that the report "shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence." Several reported cases have discussed the manner in which the statute must be construed. Specifically, the report should be "sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence." *Jamison v. Jamison*, 3 Va. App. 644, 645 (1987). Furthermore, this principle "applies with particular force

to a commissioner's findings of fact based upon evidence taken in his presence." *Id.*, at 646. The Supreme Court of Virginia also emphasized the importance that the court should attach to the commissioner's findings in *Jarvis v. Tonkin*, 238 Va. 115 (1989). There, the court said that "an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand." *Id.*, at 122.

### Exception No. 3

The court overrules the exception. The court finds that the commissioner did not err by not requiring the submission of evidence to establish that the alleged heirs and widow of Eli James Bracy, Julius E. Bracy, Bertha Sloan, and Alexander McCoy Waugh were married and that these heirs were children of a lawful marriage. Here, the issue is not whether the commissioner failed to require that these things be proved. Rather, it is whether all of the evidence in the record supports the findings that were actually made by him with regard to these heirs. The court again reviews the findings under the standard that was discussed in connection with Exception No. 2. The court finds that the evidence in the record adequately supports the findings of the commissioner.

### Exception No. 4

The court overrules the exception. An extended discussion of the issue is not warranted because the argument addresses only the commissioner's evidentiary findings about the children of Benjamin Stubblefield, Sr. The court finds that the evidence in the record is sufficient to support the commissioner's factual findings on this point. Once again, the ruling is premised on the previously discussed standard that applies to the court's review of factual findings made by a commissioner in chancery.

### Exception No. 5

The court overrules the exception. The issue of amended petitions was never raised before the commissioner. No objection to the validity or the procedural status of any petition was ever made to the commissioner. As a result, the commissioner made no rulings or findings that are even covered by the exception. Therefore, since the commissioner did nothing on this subject, there is nothing for the court to sustain or overrule.

### Expenses of Litigation

The court has given full consideration as to how the fees and costs incurred by the commissioner should be apportioned. As the court observed at the hearing that was conducted on the exceptions to the report, there are several ways that this question can be resolved. Arguments that have

merit can be made in support of all of them. Under the circumstances of the present case, however, the court finds that the most equitable way to apportion all such fees and costs would be to do so based on the amount of surplus funds that are available in each case. As computed by the commissioner, the appropriate breakdown would be as follows:

| | |
|---|---|
| Stubblefield Case | 16.26% |
| Sloan Case | 66.89% |
| Waugh Case | 16.85% |
| | 100% |

With regard to the fee of the court reporter, the court reaches the same conclusion. On this issue, the court understands that perhaps some parties did not request a court reporter. Nevertheless, even if no party engaged a court reporter, the court would have directed that one be used. Various family histories had to be traced in this case. This process necessitated a large volume of detailed evidence. A court reporter was necessary to keep track of and make a proper record of the information. It would thus be appropriate for this cost to be apportioned by using the same formula that was applied to the commissioner's fees.

## Conclusion

An order will be entered that overrules the exceptions, confirms the commissioner's report, and authorizes the clerk to distribute the proceeds on deposit in a manner consistent with the court's rulings.